FILED

TH

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWE INVESTMENTS LTD., | Case No.: 3:14-cv-01436-JAH-KSC |
| Plaintiff, | PROTECTIVE ORDER |
| v. | Dept.: 13B |
| QUARLES & BRADY LLP, and DOES 1 through 25, | Judge: Hon. John A. Houston<br>Magistrate Judge: Hon. Karen S. Crawford<br>Trial Date: None set |
| Defendants. | |

Whereas, Plaintiff and Defendant anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery.  Good cause appearing, in order to protect the confidentiality of such information obtained by the parties in connection with this case, the Court hereby enters this Protective Order as follows:

    1.    PURPOSES AND LIMITATIONS

    Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information, for which special protection from public disclosure and from use for any purpose other than prosecuting this Action would be warranted.

    This Protective Order governs discovery in the above-captioned case only.  This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the

protection it affords extends only to the information or items that are entitled under the applicable legal principles to treatment as confidential.

2.    DEFINITIONS

2.1    "Action" means the above-captioned action, presently pending in District Court, Southern District of California.

2.2    Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.3    Disclosure or Discovery Material:  All items or information, regardless of the medium or the manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

2.4    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.5    Receiving Party:  A Party that receives Disclosure or Discovery Material provided, produced, or made available for inspection by a Producing Party.

2.6    Producing Party:  A Party or non-party that provides, produces, or makes available for inspection Disclosure or Discovery Material in the course of this Action.

2.7    Designating Party:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

2.8    Protected Material:  Any Disclosure or Discovery Material that is designated as or deemed to be CONFIDENTIAL.

2.9    Outside Counsel:  Attorneys who are not employees of a Party, but who are retained to represent or advise a Party in this Action.

2.10   In-House Counsel:  Attorneys who are employees of a Party.

2.11   Counsel (without qualifier):  Outside Counsel and In-House Counsel (as well as their support staffs).

///

2.12    Expert:  A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.  This definition includes any professional jury or trial consultant retained in connection with this Action but does not include mock jurors.

2.13    Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

This Protective Order shall govern all Protected Material in whatever form, including documents, data, information, interrogatory responses, deposition testimony, deposition transcripts, responses to requests for admission, and any other Protected Material provided, produced, or made available for inspection in response to any method of discovery conducted in this Action.  The protections conferred by this Protective Order cover not only Protected Material (as defined above) but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.  The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at time of disclosure or that becomes part of the public domain as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to disclosure or obtained by the Receiving Party after disclosure from a source who obtained the information lawfully.

This Protective Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

///

///

///

4.     DURATION

After the termination of this Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

5.     DESIGNATING PROTECTED MATERIAL

5.1     Procedures for Designating Material for Protection:  Any Party to this Action, or any non-party who produces Disclosure or Discovery Material, shall have the right to designate as CONFIDENTIAL any Protected Material it produces.  All Protected Material shall bear a legend on each page stating that the material is "CONFIDENTIAL."  Material designated as or deemed to be CONFIDENTIAL consistent with this Protective Order is subject to the provisions of this Protective Order and shall be protected, used, handled, and disposed of in accordance with the provisions of this Protective Order.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards set forth herein.  A Designating Party must take care to designate for protection only those parts of materials, documents, items, or oral or written communications that so qualify.  Mass, indiscriminate, or routinized designates are prohibited, and clearly unjustified designations expose the Designating Party to sanctions.

5.2     Manner and Timing of Designations:  Except as otherwise provided in this Protective Order (see, e.g., second paragraph of 5.2(a), below) or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)     For Information in Documentary Form (apart from transcripts of depositions or other pretrial proceedings):  That the Producing Party affix the legend "CONFIDENTIAL" on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  In order to speed up the process of producing large volumes

1  of Protected Material, multi-page documents in which Protected Material is pervasive may be
2  marked "CONFIDENTIAL" throughout.  Where it is not possible to affix a legend to particular
3  Protected Material, the Producing Party shall take reasonable steps to give all Receiving Parties
4  notice of the Protected Material's status as such.

5       A Party or non-party that makes original documents or materials available for inspection
6  need not designate them for protection until after the inspecting Party has indicated which material it
7  would like copied and produced.  During the inspection and before the designation, all of the
8  material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting
9  Party has identified the documents it wants copied and produced, the Producing Party must
10  determine which documents qualify for protection under this Order.  Then, before producing the
11  specified documents, the Producing Party must affix the "CONFIDENTIAL" legend on each page
12  that contains Protected Material (or the portion(s) of the page that contain Protected Material),
13  except that multi-page documents may be designated in accordance with the preceding paragraph.

14       (b)    For Testimony Given in Deposition or in Other Pretrial Proceedings:  Any Party or
15  non-party offering or sponsoring the testimony may identify on the record, before the close of the
16  deposition, hearing or other proceeding, all protected testimony and may further specify any portions
17  of the testimony that qualify as "CONFIDENTIAL."   In the case of a non-party witness, testimony
18  can be designated as containing "CONFIDENTIAL" information by a Party, the non-party witness,
19  or upon agreement of the Parties.

20       Transcript pages containing Protected Material must be separately bound by the court
21  reporter, who must affix to the top of each such page the legend "CONFIDENTIAL", as instructed
22  by the Party or non-party offering or sponsoring the witness or presenting the testimony.

23       In the event the deposition is videotaped and testimony is deemed to be Protected Material,
24  the original and all copies of the videotape shall be marked by the video technician to indicate that
25  some of the contents of the videotape are subject to this Protective Order, substantially along the
26  lines of "This videotape contains confidential testimony used in this case and is not to be viewed or
27  the confidential contents thereof to be displayed or revealed except pursuant to the terms of the
28  operative Protective Order in this matter or pursuant to written stipulation of the parties."

1   Counsel for any Producing Party shall have the right to exclude from oral depositions, other
2   than the deponent, deponent's counsel, the reporter, and videographer (if any), any person who is not
3   authorized by this Protective Order to receive or access Protected Material based on the designation
4   of such Protected Material. Such right of exclusion shall be applicable only during periods of
5   examination or testimony regarding such Protected Material.

6   (c)     For Information Produced in A Form Other than Documentary, and for Any Other
7   Tangible Items: The Producing Party shall affix in a prominent place on the exterior of the container
8   or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a
9   portion or portions of the information or item warrant protection, the Producing Party, to the extent
10  practicable, shall identify the protected portion(s).

11  (d)     For Inspection of Things or Premises:  The Producing Party shall state in writing
12  prior to the inspection that "CONFIDENTIAL" information or material will be revealed.

13  5.3     Contractual Obligations to Non-Parties: During the course of this Action, a Party or
14  non-party may be requested to produce information that is subject to contractual or other obligations
15  of confidentiality owed to a non-party. The Party or non-party subject to the contractual or other
16  obligation of confidentiality shall promptly contact the person to whom the obligation is owed to
17  determine whether that person is willing to permit disclosure of the confidential information under
18  the terms of this Protective Order. If that person is so willing, the information shall be produced in
19  accordance with this Protective Order. If the person to whom the obligation is owed is not willing to
20  permit disclosure of the confidential information under the terms of this Protective Order and fails to
21  seek a protective order from this court before responses or production is due, the disclosure of the
22  requested information shall be made pursuant to the terms of this Protective Order. The Party or
23  Non-Party seeking to preclude disclosure shall bear the burden and expense of seeking protection in
24  this court of its Protected Material.

25  5.4     Upward Designation of Information or Items Produced by Other Parties or Non-
26  Parties. A Party may upward designate (i.e., change any documents or other material produced
27  without a designation to a designation of "CONFIDENTIAL") any Disclosure or Discovery Material
28  produced by any other Party or non-party, provided that said Disclosure or Discovery Material

1  contains the upward designating Party's own "CONFIDENTIAL" information, or otherwise is

2  entitled to protective treatment.  Upward designation shall be accomplished by providing written

3  notice to all Parties identifying (by Bates number or other individually identifiable information) the

4  Disclosure or Discovery Material to be re-designated within sixty (60) days of production by the

5  Producing Party.  Failure to upward designate within sixty (60) days of production, alone, will not

6  prevent a Party from obtaining the agreement of all Parties to upward designate certain Disclosure or

7  Discovery Material or from moving the Court for such relief.  Any Party may object to the upward

8  designation of Disclosure or Discovery Material pursuant to the procedures set forth herein

9  regarding challenging designations.

10       5.5     Inadvertent Failures to Designate and Redesignation:  A Producing Party that

11  inadvertently fails to designate Disclosure or Discovery Material as "CONFIDENTIAL" pursuant to

12  this Protective Order at the time of its production shall be able to make a correction to its

13  designation.  Such failure shall be corrected by providing to the Receiving Party written notice of the

14  error and substituted copies of the inadvertently produced Disclosure or Discovery Materials.  Any

15  party receiving such inadvertently unmarked Disclosure or Discovery Materials shall, within five (5)

16  days of receipt of the substitute copies, destroy or return to the law firm representing the Producing

17  Party all copies of such mis-designated documents. The Producing Party shall comply with

18  Paragraph 5.2 when redesignating Disclosure or Discovery Material as Protected Material.

19  Following any redesignation of Disclosure or Discovery Material as Protected Material, the Party

20  receiving such Protected Material shall take reasonable steps to comply with the redesignation,

21  including, without limitation, retrieving all copies and excerpts of any redesignated Protected

22  Material from persons not entitled to receive it as re-designated.

23       A Receiving Party shall not be in breach of this Protective Order for any use of such

24  inadvertently-non-designated or inadvertently-mis-designated material before the Receiving Party

25  receives notice of the inadvertent failure to designate, unless an objectively reasonable person would

26  have realized that the material should have been appropriately designated with a confidentiality

27  designation under this Protective Order.  Once a Receiving Party has received notice of the

28  ///

1  inadvertent failure to designate pursuant to this provision, the Receiving Party shall treat such
2  material at the appropriately designated level pursuant to the terms of this Protective Order.

3      6.    DISCLOSURE OF DISCOVERY MATERIALS PROTECTED BY THE
4  ATTORNEY-CLIENT PRIVILEGE OR WORK PRODUCT DOCTRINE

5      (a)    The inadvertent production by a Party of Discovery Material subject to the attorney-
6  client privilege, work-product protection, or any other applicable privilege or protection, despite the
7  Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will
8  not waive the applicable privilege and/or protection if a request for return of such inadvertently
9  produced Discovery Material is made promptly after the Producing Party learns of its inadvertent
10  production.

11      (b)    Upon a request from any Producing Party who has inadvertently produced Discovery
12  Material that it believes is privileged and/or protected, each Receiving Party shall immediately return
13  such Protected Material or Discovery Material and all copies to the Producing Party, except for any
14  pages containing privileged markings by the Receiving Party which shall instead be destroyed and
15  certified as such by the Receiving Party to the Producing Party.

16      (c)    Nothing herein shall prevent the Receiving Party from preparing a record for its own
17  use containing the date, author, addresses, and topic of the inadvertently produced Discovery
18  Material and such other information as is reasonably necessary to identify the Discovery Material
19  and describe its nature to the Court in any motion to compel production of the Discovery Material.

20      7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

21      7.1    Timing of Challenges: The Receiving Party must challenge the Designating Party's
22  designations within ninety (90) days of receipt of the challenged information.

23      7.2    Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's
24  confidentiality designation must do so in good faith by providing written notice of each designation
25  it is challenging and describing the basis for each challenge. In conferring, the challenging Party
26  must identify the specific Bates range(s) for the challenged document(s), explain the basis for its
27  belief that the confidentiality designation was not proper, and must give the Designating Party a
28  reasonable opportunity to review the designated material, reconsider the circumstances and, if no

1   change in designation is offered, explain the basis for the chosen designation.  The parties shall

2   attempt to resolve each challenge in good faith and must begin by conferring directly (in voice to

3   voice dialogue; other forms of communication are not sufficient) within 14 days of the date of

4   service of the challenging Party's written notice.  A challenging Party may proceed to the next stage

5   of the challenge process only if it has first engaged in this meet-and-confer process.

6          7.3     Judicial Intervention:  If the Parties cannot resolve a challenge without court

7   intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21

8   days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

9   confer process will not resolve their dispute, whichever is earlier.  Failure by the Designating Party

10  to make such a motion within 21 days (or 14 days, if applicable) shall automatically waive the

11  confidentiality designation for each challenged designation.  In addition, the Challenging Party may

12  file a motion challenging a confidentiality designation at any time if there is good cause for doing so,

13  including a challenge to the designation of a deposition transcript or any portions thereof.  Any

14  briefs filed must identify the challenged material, set forth in detail the basis for the challenge, and

15  include a declaration that the movant has complied with the meet and confer requirements imposed

16  by the preceding paragraph.

17          The burden of persuasion in any such challenge shall be on the Designating Party.  Nothing

18  in this Protective Order shall preclude or prejudice either party from arguing for or against any

19  designation, establish any presumption that a particular designation is valid, or alter the burden of

20  proof that would otherwise apply in a dispute over discovery or disclosure of information.  Frivolous

21  challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses

22  and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the

23  Designating Party has waived the confidentiality designation by failing to file a motion to retain

24  confidentiality as described above, all parties shall continue to afford the material in question the

25  level of protection to which it is entitled under the Designating Party's designation until the Court

26  rules on the challenge.

27  ///

28  ///

1      8.      ACCESS TO AND USE OF PROTECTED MATERIAL

2      8.1      Basic Principles: A Receiving Party may use Protected Material that is disclosed or

3  produced by another Party or by a non-party in connection with this Action only for prosecuting,

4  defending, or attempting to settle this Action. A Receiving Party may not use Protected Material for

5  any other purpose, including, without limitation, any other litigation or any business or competitive

6  function. Such Protected Material may be disclosed only to the categories of persons and under the

7  conditions described in this Order and may not be disclosed to the media. For purposes of this

8  Protective Order, and specifically as utilized in the preceding sentence, "disclosed" or "disclose"

9  shall mean any physical or electronic showing of the Protected Materials to any person, including

10  communication in any form of the contents (in whole or in part) or existence of the Protected

11  Materials. When this Action has been terminated, a Receiving Party must comply with the

12  provisions of Paragraph 12 below (FINAL DISPOSITION).

13      Protected Material must be stored and maintained by a Receiving Party at a location and in a

14  secure manner ensuring that access is limited to the persons authorized under this Order.

15      8.2      Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered

16  by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

17  information or item designated "CONFIDENTIAL" only to:

18      (a)      The Receiving Party's Outside Counsel of record in this Action, as well as employees

19  of said Outside Counsel to whom it is reasonably necessary to disclose the information for this

20  Action;

21      (b)      The former and current officers, directors, and employees (including In-House

22  Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who

23  have signed the "General Acknowledgment of Confidentiality and Agreement to Be Bound by

24  Protective Order" that is attached hereto as Exhibit A-1;

25      (c)      Any insurer or indemnitor of any defendant in this Action;

26      (d)      Experts (as defined in this Order) of the Receiving Party (i) to whom disclosure is

27  reasonably necessary for this Action, (ii) who have signed the  "Expert/Consultant Acknowledgment

28  ///

1  of Confidentiality and Agreement to Be Bound by Protective Order" (Exhibit A-2), and (iii) as to

2  whom the procedures set forth in Paragraph 8.6 below have been followed;

3       (e)    The Court and any mediators or arbitrators and their respective personnel;

4       (f)    Court reporters, their staffs, and professional vendors to whom disclosure is

5  reasonably necessary for this Action and who have signed the "General Acknowledgment of

6  Confidentiality and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit

7  A-1;

8       (g)    During their depositions, witnesses in the Action to whom disclosure is reasonably

9  necessary and who have signed the  "General Acknowledgment of Confidentiality and Agreement to

10  Be Bound by Protective Order" that is attached hereto as Exhibit A-1; pages of transcribed

11  deposition testimony or exhibits to depositions that reveal Protected Material must be marked

12  CONFIDENTIAL by the court reporter and may not be disclosed to anyone except as permitted

13  under this Protective Order; and

14       (h)    The author(s) and recipient(s) of a document containing the information or a

15  custodian or other person who otherwise possessed or knew the information.

16       8.3    General Procedure for Disclosure of "CONFIDENTIAL" Information or Items:

17  Before any information or item designated "CONFIDENTIAL," or substance or summary thereof,

18  shall be disclosed to the persons or entities identified in sub-paragraphs (b), (d), (f), and (g) of

19  Paragraph 8.2 above, the Parties are hereby ordered to tender a copy of this Protective Order to each

20  such person and witness in order that each such entity or person to whom such disclosure of

21  "CONFIDENTIAL" information or item is made shall be on notice and fully informed that the

22  existence and substance of the Protective Order is, and is intended to be, equally binding upon it,

23  him, or her.  Before any information or item designated "CONFIDENTIAL," or substance or

24  summary thereof, is disclosed to any such person, each such person shall sign and abide by the terms

25  of the General Acknowledgment of Confidentiality and Agreement to Be Bound by Protective

26  Order, attached hereto as Exhibit A-1, or, if the person to whom the "CONFIDENTIAL"

27  information or item is to be disclosed is an Expert (as defined herein), that person shall sign and

28  abide by the terms of the Expert/Consultant Acknowledgment of Confidentiality and Agreement to

1   Be Bound by Protective Order, attached hereto as Exhibit A-2, and shall otherwise comply with the

2   requirements of Paragraph 8.6.  The person to whom the "CONFIDENTIAL" information or item is

3   disclosed shall not give, show, or otherwise divulge any of the "CONFIDENTIAL" information or

4   item to any entity or person except as specifically provided for by this Protective Order.

5       8.4    Procedure of Disclosure of "CONFIDENTIAL" Information or Items to Mock Jurors:

6   A Receiving Party may disclose to mock jurors materials prepared by its Outside Counsel that are

7   derived from information or items designated "CONFIDENTIAL," so long as the derivative

8   materials do not include the as-produced information itself.  Before providing such material to a

9   mock juror, the Receiving Party must, in compliance with Paragraph 8.3 above, tender a copy of this

10  Protective Order to each mock juror in order that each person to whom such disclosure is made shall

11  be on notice and fully informed that the existence and substance of the Protective Order is, and is

12  intended to be, equally binding upon it, him, or her, as well as upon the Parties and their Counsel.

13  Before any materials prepared by Outside Counsel that are derived from information or items

14  designated "CONFIDENTIAL" are disclosed to a mock juror, each such person shall sign and abide

15  by the terms of the General Acknowledgment of Confidentiality and Agreement to Be Bound by

16  Protective Order, attached hereto as Exhibit A-1.  The mock juror to whom the material is disclosed

17  shall not give, show, or otherwise divulge any of the information contained therein to any entity or

18  person except as specifically provided for by this Protective Order.

19      8.5    Procedure for Disclosure of "CONFIDENTIAL" Information or Items to Experts:

20  Before any "CONFIDENTIAL" information, or substance or summary thereof, shall be disclosed to

21  an Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledgment

22  of Confidentiality and Agreement to Be Bound by Protective Order," attached as Exhibit A-2.  An

23  Expert who has signed an Expert/Consultant Acknowledgment of Confidentiality and Agreement to

24  Be Bound by Protective Order (Exhibit A-2) may be shown "CONFIDENTIAL" information

25  without the need for a further declaration.

26      8.6    The Party's Counsel who discloses "CONFIDENTIAL" Material shall be responsible

27  for assuring compliance with the terms of this Protective Order with respect to persons to whom

28  such Protected Material is disclosed and shall obtain and retain the originals of the "General

1  Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order" and

2  "Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective

3  Order" executed by qualified recipients of Protected Material (if such execution was required by

4  terms of this Protective Order).

5      9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

6  OTHER LITIGATION

7      If a Party is served with a subpoena or a court order issued in other litigation that would

8  compel disclosure of any information or items designated in this Action as "CONFIDENTIAL" or,

9  the Party must so notify the Designating Party in writing (by fax or e-mail, if possible) immediately

10  and in no event more than five (5) court days after receiving the subpoena or order.  Such

11  notification must include a copy of the subpoena or court order.

12      The Receiving Party must also immediately inform in writing the party who caused the

13  subpoena or order to issue in the other litigation that some or all of the material covered by the

14  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

15  deliver a copy of this Protective Order promptly to the party in the other litigation that caused the

16  subpoena or order to issue.

17      The purpose of imposing these duties is to alert the interested parties to the existence of this

18  Protective Order and to afford the Designating Party in this case an opportunity to try to protect its

19  confidentiality interests in the court from which the subpoena or order issued.  The Designating

20  Party shall bear the burden and expense of seeking protection of its Protected Material in that court.

21  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in

22  this Action to disobey a lawful directive from another court.

23      10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

25  Material to any person or in any circumstance not authorized under this Protective Order, the

26  Receiving Party must immediately:  (a) notify the Designating Party in writing of the unauthorized

27  disclosure (by fax or e-mail) immediately and in no event more than five (5) court days after

28  learning of the disclosure; (b) use its best efforts to retrieve all copies of the Protected Material; (c)

1  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

2  Order; and (d) request such person or persons to execute the "General Acknowledgment of

3  Confidentiality and Agreement to Be Bound by Protective Order"

4  (Exhibit A-1).

5      11.    FILING PROTECTED MATERIAL

6          Without written permission from the Designating Party or a court order secured after

7  appropriate notice to all interested persons, a Party may not file any Protected Material in the public

8  record in this Action. All documents and chamber copies containing Protected Material which are

9  submitted to the Court shall be lodged with the Court in sealed envelopes or other appropriate sealed

10  containers. On the outside of the envelope, a copy of the first page of the document shall be

11  attached. If Protected Material is included in the first page attached to the outside of the envelope, it

12  may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the

13  envelope and a statement substantially in the following form shall be printed on the envelope:

14  "Sealed Lodged Proposed Document."

15          Nothing shall be filed under seal, and the Court shall not be required to take any action,

16  without separate prior order by the Judge before whom the hearing or proceeding will take place,

17  after application by the affected party with appropriate notice to opposing counsel. The parties shall

18  follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and

19  Procedures, Section II.j, and the chambers' rules, with respect to filing documents under seal.

20          If a Party's request to file Protected Material under seal is denied by the Court, then the Party

21  may file the information in the public record, unless otherwise instructed by the Court.

22          A Party who seeks to introduce Protected Material at a hearing, pretrial or other proceeding

23  shall advise the Court at the time of introduction that the information sought to be introduced is

24  protected. If the Party who designated the information as Protected Material requests the protection

25  be continued, the Court will review the information to determine if the information is entitled to

26  continued protection. Prior to disclosure of Protected Material at a hearing, the Producing Party may

27  seek further protections against public disclosure from the Court.

28  ///

1    12.    FINAL DISPOSITION

2         Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after

3    the final termination of this Action and upon receiving a written request to do so from the Producing

4    Party or Designating Party, each Receiving Party must destroy all Protected Material or return it to

5    the Producing Party.  As used in this paragraph, "all Protected Material" includes all copies,

6    abstracts, compilations, summaries, or any other form of reproducing or capturing any of the

7    Protected Material.  Whether the Protected Material is returned or destroyed, upon request by the

8    Producing Party, the Receiving Party must submit a written certification to the Producing Party (and,

9    if not the same person or entity, to the Designating Party) by the 90 day deadline that represents that

10   all Protected Material was returned or destroyed and affirms that the Receiving Party has not

11   retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing

12   any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain copies

13   of all pleadings, motion papers, transcripts, legal memoranda, correspondence, and attorney work

14   product, even if such materials contain Protected Material.  Any such copies that contain or

15   constitute Protected Material remain subject to this Protective Order as set forth in Paragraph 4

16   (DURATION), above.

17   13.    MISCELLANEOUS

18        13.1    Right to Further Relief:  Nothing in this Order abridges the right of any person to seek

19   its modification by the Court in the future.  The Court may modify the protective order in the

20   interests of justice or for public policy reasons.

21        13.2    Right to Assert Other Objections:  By stipulating to the entry of this Protective Order,

22   no Party waives any right it would otherwise have to object to disclosing or producing any

23   information or item on any ground not addressed in this Protective Order.  Similarly, no Party

24   waives any right to object on any ground to use in evidence any of the material covered by this

25   Protective Order.

26        13.3    Computation of Time:  The computation of any period of time prescribed or allowed

27   by this Order shall be governed by the provisions for computing time set forth in the California Code

28   of Civil Procedure.

1         13.4    Fact of Designation Not Admissible:  The fact of designation, or failure to designate,

2  Disclosure or Discovery Materials as CONFIDENTIAL pursuant to this Protective Order shall not

3  be admissible for any purpose in a trial on the merits or at any other proceeding other than at a

4  proceeding arising from or related to this Protective Order.

5         13.5    The provisions of this Protective Order do not apply to any trial proceedings in this

6  Action.  The Parties may separately request the Court to enter an Order governing the handling of

7  Protected Material at trial.

8         13.6    The Court shall retain jurisdiction to enforce the terms of this Protective Order.

9

         IT IS SO ORDERED.

10

11

12  Dated:  *Jan. 13, 2016*

                                KAREN S. CRAWFORD

13                                  United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EXHIBIT A-1

### GENERAL ACKNOWLEDGMENT OF CONFIDENTIALITY
### AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the U.S. District Court, Southern District of California, on _____, in the case of *Howe Investments, Ltd. v. Quarles & Brady,* U.S. District Court, Southern District of California, Case No.: 3:14-cv-01436-JAH-KSC (the "Action").

I agree to comply with and be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the U.S. District Court, Southern District of California, for the purpose of enforcing the terms of the Protective Order even if such enforcement proceedings occur after termination of this Action.

Executed on _____ at _____.

_____
Name

_____
Address

_____

**EXHIBIT A-2**

**EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare:

1.    I reside at _____.

2.    I have read in its entirety and understand the Protective Order ("Order") that was issued by the U.S. District Court, Southern District of California, on _____, in the case of *Howe Investments, Ltd. v. Quarles & Brady,* U.S. District Court, Southern District of California, Case No.: 3:14-cv-01436-JAH-KSC (the "Action").

3.    I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4.    I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this Action and only as expressly permitted by the terms of the Order, any Confidential Information obtained pursuant to the Order.

5.    By signing below, I hereby agree to submit to the jurisdiction of the U.S. District Court, Southern District of California, for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality. I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the U.S. District Court, Southern District of California, shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____.


_____
Name
_____
Address

_____